# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-667-FDW-DCK

| | |
|---|---|
| MEINEKE CAR CARE CENTERS, INC., | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **PRELIMINARY INJUNCTION**<br>) **ORDER** |
| JOSEPH E. GLOVER, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Plaintiff's Motion for a Preliminary Injunction and Memorandum in Support, filed December 29, 2010. (Docs. Nos. 2 and 3).[1] The Court scheduled a hearing on Plaintiff's Motion for 3:00pm on Wednesday, January 19, 2011, and instructed Plaintiff to serve the hearing notice on Defendant. (Doc. No. 6). Plaintiff filed Affidavits of Service on January 12, 2011. (Docs. Nos. 7 and 8). At the hearing held on January 19, 2011, the Court heard oral arguments on Plaintiff's Motion. Defendant failed to appear at this hearing. Defendant, however, submitted *pro se* an unverified pleading entitled, "Defendant's Reply to Plaintiff's 'Verified Complaint and Motion For a Preliminary Injunction' Including Defendant's Motion to Strike Plaintiff's Complaint for Improper Venue."[2] (Doc. No. 9). The Court has reviewed Defendant's submission and after due consideration, the Court makes the following findings of fact and conclusions of law and GRANTS Plaintiff's Motion for a Preliminary Injunction:

1. On or about November 18, 2005, Meineke entered into a Franchise and Trademark Agreement with D. Todd Mullaney (Mullaney) and Jim Moretti (Moretti), which granted

---

[1]This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, and by virtue of 15 U.S.C. § 1121 and 28 U.S.C. § 1338.

[2]The Court notes that, on its face, Defendant's submission is numbered and appears to be an Answer.

them the right to operate a Meineke Center located at 2727 Philmont Avenue, Suite 200, Huntingdon Valley, Pennsylvania (Center No. 363). (Doc. No. 1, Verified Complaint ¶ 20, Doc. No. 1-1).

2. Afterward, on or about October 28, 2008, Mullaney, Moretti, and Defendant Glover executed an agreement to add Defendant Glover as an additional franchisee for Center No. 363. (Doc. No. 1, Verified Complaint ¶ 21, Doc. No. 1-2).

3. On or about March 22, 2010, Mullaney, Moretti, and Defendant executed a Termination by Release, whereby Mullaney and Moretti were terminated, and only Defendant Glover remained bound by the Franchise and Trademark Agreement for Center No. 363. (Doc. No. 1, Verified Complaint ¶ 22, Doc. No. 1-3). In that Release, Defendant agreed that he alone is responsible for "full compliance under the Franchise and Trademark Agreement, and that [Defendant] shall be liable for all obligations due Meineke required under the Meineke Franchise and Trademark Agreement. . . ." (Doc. No. 1-3).

4. Defendant contractually consented to this venue under the Franchise and Trademark Agreement, which provides that any judicial proceeding against the franchisee may be brought in the jurisdiction where Meineke has its principal place of business. (Doc. No. 1-1, Art. 17.5). Meineke's principal place of business is located at 128 South Tryon Street, Suite 900, Charlotte, North Carolina, within the Western District of North Carolina. (Doc. No. 1, Verified Complaint ¶ 1).

5. Under the Franchise and Trademark Agreement, Defendant acquired the right to use Plaintiff Meineke's marks and received from Meineke proprietary information and know-how concerning, among other things, training manuals, policy manuals, operations manuals, sales

promotion aids, promotional techniques, business forms, accounting procedures, marketing reports, informational bulletins, product development, suppliers' discounts, and inventory systems. (Doc. No. 1, Verified Complaint ¶ 23 and Doc. 1-1, Art. 10, 11).

6. In exchange, Defendant agreed to submit accurate weekly business reports showing the gross revenues generated by his Meineke-franchised business and to pay a percentage of those gross revenues on a weekly basis in the form of franchise fees and advertising contributions. (Doc. 1-1, Art. 3, 9).

7. Accordingly, in Article 11 of the Franchise and Trademark Agreement, Defendant, agreed that for a period of one (1) year after leaving Meineke, Defendant would not "directly or indirectly (such as through corporations or other entities owned or controlled by [Defendant] or [Defendant's] Owners), own a legal or beneficial interest in, manage, operate or consult with" any "Competitive Business" (as defined in Article 11.2 of the Franchise and Trademark Agreement) at the premises of former Center No. 363 or within six (6) miles of former Center No. 363 or within six (6) miles of any other Meineke Center existing as of the date that Center No. 363's license terminated. (Doc. 1-1, Art. 11.4).

8. Defendant failed to submit all required weekly business reports and failed to pay all required weekly franchise fees, advertising contributions, MKey computer payments, and monthly Promissory Note payments. (Doc. No. 1, Verified Complaint ¶¶ 26-28, Doc. No. 1-4).

9. Meineke sent Defendant a Notice of Default on or about February 3, 2010, and again on or about August 16, 2010, informing him that if Defendant failed to cure the defaults within thirty (30) days, Plaintiff Meineke could terminate his franchise license. (Doc. No. 1, Verified Complaint ¶¶ 26-28, Doc. No. 1-4).

10. Defendant failed to timely cure these defaults, so Meineke sent Defendant a Notice of Termination on or about September 24, 2010, informing him that the license for Center No. 363 was terminated. (Doc. No. 1, Verified Complaint ¶ 29).

11. Upon termination, Defendant was not longer authorized to use Plaintiff's marks or trade name. (Doc. No. 1-1, Art. 11, 15).

12. Meineke's Notice of Termination demanded that Defendant comply with the post-termination covenants as set forth in Articles 11 and 15 of the Franchise and Trademark Agreement. (Docs. Nos. 1-1, 1-4).

13. Plaintiff Meineke has made a clear showing of likelihood of success on the merits with regard to its trademark infringement claim by showing it has a valid, protectable trademark, and Defendant has engaged in an unauthorized use of Meineke's mark that is likely to cause confusion among consumers. See Pizzeria Uno Corp. v. Temple, 747 F.2d 1522, 1527 (4th Cir. 1997).

14. The Meineke name and all of its marks and logos are registered with the U.S. Patent and Trademark Office under registration numbers: 1,241,466; 1,207,490; 1,434,915; 1,610,116; 1,620,331; 2,022,824; 1,191,431; 1,207,483; 1,215,262; 1,268,145; 1,268,264; 2,956,651; and 3,017,566. (Doc. No. 1, Verified Complaint ¶¶ 10-12).

15. Defendant is using Meineke's trade name, without authorization, by displaying a Meineke pole sign and a Meineke banner on his building and by maintaining his yellow pages and superpages listings as a Meineke center. (Doc. No. 1, Verified Complaint ¶¶ 33-35 and Docs. Nos. 1-5, 1-6, 1-7, 1-8). Though Defendant contends that "[t]here is no

Super Page [*sic*] ad" (Doc. No. 9 at 6), the Court verified the superpages listing contains a Meineke reference by visiting the webpage submitted by Plaintiff. See http://www.superpages.com/bp/Huntingdon-Valley-PA/Meineke-Car-Care-Center-L0140 438904.htm (last visited January 21, 2011).

16. Defendant's use of Meineke's trade name is likely to cause customer confusion concerning the origin of goods or services. "Continued trademark use by one whose trademark license has been cancelled satisfied the likelihood of confusion test and constitutes trademark infringement." See Burger King Corp. v. Mason, 710 F.2d 1480, 1493 (11th Cir. 1983).

17. Plaintiff Meineke has made a clear showing of likelihood of success on the merits with regard to its breach of contract claim for violation of the covenant not to compete. First, the covenant was written and agreed to by the parties in Article 11 of the Franchise and Trademark Agreement and was based upon valuable consideration. The covenant's one-year restriction is reasonable because other courts have upheld periods in excess of one year in similar circumstances. See e.g. Jewel Box Stores Corp. v. Morrow, 158 S.E.2d 840, 844 (N.C. 1968) (enforcing ten-year covenant); Keith v. Day, 343 S.E.2d 562, 567-68 (N.C. Ct. App. 1986) (two-year covenant reasonable); Triangle Leasing Co., Inc. v. McMahon, 393 S.E.2d 854, 858 (N.C. 1990) (two-year restriction not improper). The territory of a six (6) mile radius is also reasonable because it is within the range of what North Carolina courts have deemed reasonable in similar circumstances. See e.g. Keith, 343 S.E.2d at 567-68 (greater Raleigh area was reasonable); Forrest Paschal Mach. Co. v. Milholen, 220 S.E.2d 190, 197 (N.C. Ct. App. 1975) (350-mile restriction enforced). The covenant is not against public policy because "[i]t is as much a matter of public concern to see that valid [covenants]

are observed as it is to frustrate oppressive ones." United Labs., Inc. v. Kuykendall, 370 S.E.2d 375, 380 (N.C. 1988) (citing Sonotone Corp. v. Baldwin, 42 S.E.2d 352, 355 (N.C. 1947)). Finally, Defendant continues to operate a competing business called One King Automotive, located at the same address of former Center No. 363, in violation of the covenant not to compete. (Doc. No. 1, Verified Complaint ¶¶ 33, 34 and Docs. Nos. 1-5, 1-6, 1-7, 1-8, Doc. No. 9 at 8).

18. Plaintiff Meineke has made a clear showing that it will likely suffer actual, imminent and irreparable harm because its goodwill and reputations with consumers will be damaged if the Court does not enter the requested injunction. Plaintiff will also be irreparably harmed if Defendant ignores the covenant and uses Plaintiff's knowledge, manner, and training obtained through the former franchise relationship to gain customers within the restricted area through Defendant's ability to offer similar services at lower prices because Defendant is no longer paying franchise fees.

19. The balance of equities tips in the favor of Plaintiff because it will suffer immediate and irreparable harm whereas any harm suffered by Defendant is self-inflicted because Defendant agreed to certain consequences in the Franchise and Trademark Agreement.

20. Granting the injunction is in the public interest because the public could be deceived and confused by Defendant's unauthorized use of the Meineke name.

It is accordingly ORDERED and ADJUDGED that:

1. Plaintiff's Motion for Preliminary Injunction (Doc. No. 2) is GRANTED;

2. Defendant is hereby ENJOINED and RESTRAINED during the pendency of this action from:

   a. using any names, marks, signs, forms, advertising, manuals, computer software, supplies, products, merchandise and all other things and materials of any kind which are identified or associated with the Meineke name, logo, marks or trade dress, or which contain a name, logo, mark or trade dress confusingly similar to the Meineke name, logo, marks or trade dress.

   b. making any representation or statement that Defendant or the business located 2727 Philmont Ave., Suite 200, Huntingdon Valley, Pennsylvania, is in any way approved, endorsed or licensed by Meineke, or is identified with Meineke in any way;

   c. owning a legal or beneficial interest in, managing, operating or consulting with any business performing exhaust, brakes, or shocks and struts services within six (6) miles of former Center No. 363 or within six (6) miles of any other Meineke Center existing as of the date that Center No. 363 was terminated.

3. Defendant shall return to Meineke all signs, forms, manuals, supplies, computer software, products, merchandise and all other things and materials of any kind, which are identified or associated with Meineke.

4. After the Court orally granted this injunction, Plaintiff posted a bond on January 20, 2011, in the amount of $100.00 for the payment of such costs and damages as may be incurred or suffered by Defendant if found to have been wrongfully restrained.

5. This Preliminary Injunction shall remain in effect during the pendency of this action, and until further order of the Court.

6. Plaintiff is directed to mail a copy of this Order to *pro se* Defendant at his address of record.

IT IS SO ORDERED.

Signed: January 21, 2011

Frank D. Whitney
United States District Judge